```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

CHRISTOPHER COLE ROBBINS,        §
(TDCJ No. 1787781)               §
VS.                              §   CIVIL ACTION NO.4:12-CV-567-Y
                                 §
                                 §
RICHARD ALLEY                    §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Christopher Cole Robbins's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Robbins, now an inmate at the Texas Department of Criminal Justice, Gist unit, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and naming as defendant private attorney Richard Alley. (Compl. Style; § IV(B).) Robbins complains that Alley refused to file motions for psychological evaluation and to suppress evidence on his behalf in state court, and coerced him into entering a plea agreement under duress and against his will. (Compl. § IV(B) and V.) Robbins seeks monetary damages, and a "rehearing or appeal to the plea agreement." (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Robbins claims must be dismissed.

To assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[6] Robbins has failed to satisfy the second element in the claims made the basis of this suit. Robbins has failed to show that Richard

---

[2] See 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); see also *Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] See 28 U.S.C.A. § 1915A(a)(West 2006).

[4] See *Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id.,* citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] See *West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

2

Alley, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[7] Although a private individual can be said to act under color of law if he acts in a conspiracy with state officials, Robbins has asserted no such claims in this case. As Robbins has not shown that defendant Alley was acting under color of law, his claims for monetary damages for violation of constitutional rights asserted through 42 U.S.C. § 1983 must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

In his prayer for relief, Robbins also refers to "a rehearing or appeal to plea agreement." But any federal-court challenge to the state-court conviction itself must be pursued through a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Therefore, Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[8]

SIGNED January 11, 2013.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[7] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996); *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

[8] Any claims challenging the constitutionality of the actions leading to Robbins's conviction in state court are dismissed without prejudice to pursuing through a petition for writ of habeas corpus under 28 U.S.C. § 2254.